## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Case No.:
Division:

MATTHEW CAPELLI, individually, and CAPELLI CONSTRUCTION, LLC,

      Plaintiffs,

v.

TOTAL CONSTRUCTION OF FLORIDA, INC., a Florida Corporation, TOTAL ROOFING OF FLORIDA, LLC, a Florida Limited Liability Company, PIA M. SILVA, individually, and DAVID M. VAN HOEVEN, individually,

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs MATTHEW CAPELLI ("CAPELLI") and CAPELLI CONSTRUCTION, LLC ("CAPELLI CONSTRUCTION") (collectively "Plaintiffs"), hereby sues the Defendants, TOTAL CONSTRUCTION OF FLORIDA, INC. ("TOTAL CONSTRUCTION"), TOTAL ROOFING OF FLORIDA, LLC ("TOTAL ROOFING"), PIA M. SILVA ("SILVA"), and DAVID M. VAN HOEVEN ("DVH") (collectively "Defendants"), and alleges as follows:

## JURISDICTION, VENUE & PARTIES

1.      This action is brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), the Florida Minimum Wage Act, Florida Statute 448.110, *et. seq.* ("FMWA"), and other applicable laws to recover unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs owed to Plaintiffs.

2.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, FLSA, FMWA, other applicable laws, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et. seq.

3.      Venue is proper in the Middle District of Florida because the work performed by Plaintiffs took place in Duval County, Florida.

4.      At all times material, Plaintiff CAPELLI was and is an individual and resident of Duval County, Florida.

5.      At all times material, Plaintiff CAPELLI CONSTRUCTION was and is a Florida limited liability company authorized to conduct business in Florida, with its principal address located at 14701 Bartram Park Blvd., #908, Jacksonville, Florida 32258.

6.      At all times material, Defendant SILVA was and is an individual residing at 6120 SW 51st Street Court, Davie, Florida 33314.

7.      At all times material, Defendant DVH was and is an individual residing at 6120 SW 51st Street Court, Davie, Florida 33314.

8.      At all times material, Defendant TOTAL CONSTRUCTION is and was a Florida limited liability company authorized to conduct busines in Florida, with its principal address located at 12555 Orange Drive, Davie, Florida 33330.

9.      At all times material, Defendant TOTAL ROOFING is and was a Florida limited liability company authorized to conduct busines in Florida, with its principal address located at 4431 Davie Road, Suite 110, Davie, FL 33314.

## **GENERAL ALLEGATIONS**

10.     CAPELLI is the sole manager member of CAPELLI CONSTRUCTION.

11.     Defendant TOTAL CONSTRUCTION and Defendant TOTAL ROOFING are companies that share common ownership in Defendant SILVA and Defendant DVH.

12.     At all times material, DVH was and is the President of TOTAL CONSTRUCTION.

13.     At all times material, SILVA was and is the Vice President of TOTAL CONSTRUCTION.

14.     At all times material, Defendants DVH and SILVA were and are the managers of TOTAL ROOFING.

15.     In those positions, DVH and SILVA exercise significant control over the operations of TOTAL CONSTRUCTION and TOTAL ROOFING, have the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

16.     At all times material, Defendants operated as a joint enterprise and/or integrated enterprise as defined by the FLSA, FMWA, and other applicable laws.

17.     At all times material, Defendants were an enterprise engaged in commerce as defined by the FLSA, FMWA, and other applicable laws in that they had employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

18.     Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA, FMWA and other applicable laws' coverage requirements.

19.     On or about September 8, 2020, DVH and SILVA hired CAPELLI as a Sales Representative for TOTAL CONSTRUCTION and TOTAL ROOFING.

20.    CAPELLI'S compensation structure was memorialized in a Sales Representative Subcontractor Agreement ("Agreement") executed by CAPELLI on behalf of CAPELLI CONSTRUCTION and DVH on behalf of TOTAL CONSTRUCTION/TOTAL ROOFING. A copy of the Agreement is attached as "Exhibit A."

21.    CAPELLI'S employment with Defendants ended on or about October 16, 2020.

22.    Upon information and belief, during his time working for Defendants, CAPELLI procured approximately $225,000.00 in sales.

23.    During his time working for Defendants, CAPELLI was only paid $800.00 total for his work performed as a Sales Representative for Defendants.

24.    Upon information and belief, pursuant to the terms of the Agreement, Plaintiffs are owed approximately $33,000.00 in unpaid commissions.

25.    Notwithstanding the Agreement, the economic realities of the subject employment relationship demonstrate that Defendants hired CAPELLI as a non-exempt employee covered under the FLSA and FMWA.

26.    Examples of the economic reality of the employment relationship include, but are not limited to:

> a.  Defendants provided CAPELLI with office space, conference room space, and equipment.

b. CAPELLI was required to utilized Defendants' email, management software systems, forms, and files.

c. During his time working for Defendants, CAPELLI was entirely dependent on Defendants for sales leads.

d. During his time working for Defendants, Defendants' work schedule and expectations required CAPELLI to work exclusively for Defendants.

e. Defendants provided CAPELLI with TOTAL CONSTRUCTION and TOTAL ROOFING business cards.

f. CAPELLI was required to wear Defendants' uniform with TOTAL CONSTRUCTION and TOTAL ROOFING logos.

g. CAPELLI was required to attend mandatory meetings with Defendants and Defendants' other employees.

27.   CAPELLI did not clock-in and out of work and Defendants did not have any accurate time-keeping method. Defendants did not pay CAPELLI with a paystub providing information about the number of days and hours worked, classification of CAPELLI'S labor, wage rate, or withholdings of taxes.

28.   From September 9, 2020, to October 16, 2020, CAPELLI worked for Defendants an average of twelve (12) hours per day, six (6) days per week.

29.   Defendants did not compensate CAPELLI at the rate of time and a half for every hour in excess of forty, in violation of the FLSA.

30.     Defendants did not compensate CAPELLI at least minimum wage in violation of the FMWA.

31.     Prior to filing this action, Plaintiffs provided notice to Defendants of Plaintiffs' unpaid wages.

32.     Defendants have refused, and continue to refuse to pay the unpaid compensation claimed.

33.     Plaintiffs have been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
### Breach of Employment Agreement/Unpaid Wages

34.     Plaintiffs reallege paragraphs 1 through 33.

35.     Defendants breached the Agreement by failing to pay Plaintiffs the agreed upon amounts for work performed by Plaintiffs.

36.     Upon information and belief, at the time of filing this Complaint, Plaintiffs are owed $33,000.00 in unpaid commissions pursuant to the terms of the Agreement.

WHEREFORE, Plaintiffs demand judgment against Defendants for the full amount of unpaid commissions, reasonable attorney's fees and costs, prejudgment interest and post-judgment interest and any other relief the Court deems fair and just.

## COUNT II
### Violation of the FLSA Overtime Provisions

37.     Plaintiff realleges paragraphs 1 through 33.

38.     This claim is brought by CAPELLI under FLSA to recover unpaid overtime compensation owed to CAPELLI.

39.     CAPELLI was an employee of Defendants under the FLSA.

40.     CAPELLI routinely worked in excess of forty (40) hours a work week but was not paid overtime compensation at a rate of time and one-half as required by the FLSA.

41.     Defendants failed to comply with the FLSA because CAPELLI was regularly required to work in excess of forty (40) hours a workweek but was not paid overtime compensation as required by the FLSA.

42.     Defendants DVH and SILVA are subject to individual liability under the FLSA because they acted directly or indirectly in the interest of the TOTAL CONSTRUCTION and TOTAL ROOFING in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

43.     Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

Page **8** of **14**

44.     Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

45.     Defendants' failure to pay CAPELLI overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

46.     CAPELLI has suffered   harm,    including  unpaid  overtime compensation, as a direct result of Defendants' failure to pay him overtime compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendants awarding damages to CAPELLI for unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of unpaid overtime compensation owed, awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT III
### Violation of the FLSA Minimum Wage Provisions

47.     Plaintiffs reallege paragraphs 1 through 33.

48.     This claim is brought by CAPELLI under FLSA to recover unpaid minimum wage compensation owed to CAPELLI.

49.    CAPELLI was an employee of Defendants under the FLSA. Defendants' failure to pay CAPELLI minimum wage constitutes a violation of the FLSA.

50.    Defendants DVH and SILVA are subject to individual liability under the FLSA because they acted directly or indirectly in the interest of the TOTAL CONSTRUCTION and TOTAL ROOFING in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

51.    Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of CAPELLI.

52.    Defendants did not have reasonable grounds for believing that their acts were not a violation of the FLSA.

53.    CAPELLI has suffered  harm,  including unpaid minimum wage compensation, as a direct result of Defendants' failure to pay him minimum wage compensation as required by the FLSA.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendants awarding damages to CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b) in the amount of  minimum wage compensation owed, awarding

reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), awarding injunctive relief requiring Defendants to comply with the FLSA, and awarding all such other relief as the Court deems just and appropriate.

**COUNT IV**
**Violation of the FMWA**

54.   Plaintiffs reallege paragraphs 1 through 33.

55.   This claim is brought by CAPELLI under FMWA to recover unpaid minimum wage compensation owed to CAPELLI.

56.   CAPELLI was an employee of Defendants under the FMWA. Defendants' failure to pay CAPELLI minimum wage constitutes a violation of the FMWA.

57.   Defendants DVH and SILVA are subject to individual liability under the FMWA because they acted directly or indirectly in the interest of the TOTAL CONSTRUCTION and TOTAL ROOFING in relation to CAPELLI, exercised significant control over company operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions.

58.   Defendants' violations of the FMWA were knowing, willful and in reckless disregard of the rights of CAPELLI.

59.     Defendants did not have reasonable grounds for believing that their acts were not a violation of the FMWA.

60.     CAPELLI has suffered  harm,  including unpaid minimum wage compensation, as a direct result of Defendants' failure to pay him minimum wage compensation as required by the FMWA.

61.     CAPELLI has complied with the FMWA presuit notice requirement.

WHEREFORE, CAPELLI respectfully requests that this Court enter judgment against Defendants awarding damages to CAPELLI for minimum wage compensation owed, awarding liquidated damages pursuant to the FMWA in the amount of minimum wage compensation owed, awarding reasonable attorneys' fees and costs pursuant to the FMWA, awarding injunctive relief requiring Defendants to comply with the FMWA, and awarding all such other relief as the Court deems just and appropriate.

## COUNT V
### Unjust Enrichment

62.     Plaintiffs reallege paragraphs 1 through 33.

63.     Plaintiffs have conferred benefits upon Defendants in the form of labor in the furtherance of Defendants' business.

64.     Defendants had knowledge of the benefits of Plaintiffs' labor on Defendants' behalf.

65.     Defendants voluntarily accepted those benefits conferred by Plaintiffs.

66.     Defendants have not compensated Plaintiffs for the benefits conferred.

67.     The circumstances are such that it would be inequitable for Defendants to retain the benefits conferred by Plaintiffs without paying the value thereof to Plaintiffs.

68.     Defendants have therefore been unjustly enriched at the expense of Plaintiffs.

69.     Plaintiffs are entitled to damages as a result of Defendants' unjust enrichment.

WHEREFORE, Plaintiffs demand judgment in his favor against Defendants for unjust enrichment, including but not limited to his unpaid wages, attorney's fees and costs, prejudgment and post-judgment interest and all other relief the Court deems fair and just.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues.

Dated this 14th day of April, 2021.

**DOUGLAS & DOUGLAS**

/s/ Worth A. Ellis
Patrick V. Douglas

Florida Bar No. 68639
Worth A. Ellis
Florida Bar No. 118181
177 NW Madison St.
Lake City, FL 32055
(386) 752-5511
(954) 200-6886 facsimile
patrick@douglasanddouglas.law
worth@douglasanddouglas.law
info@douglasanddouglas.law