United States District Court
Middle District of Florida
Jacksonville Division

**MATTHEW CAPELLI AND CAPELLI CONSTRUCTION, LLC,**

    *Plaintiffs,*

v.                        No. 3:21-cv-404-MMH-PDB

**TOTAL CONSTRUCTION OF FLORIDA, INC., ETC.,**

    *Defendants.*

---

## Report & Recommendation

On August 20, 2021, the Court permitted Alexandra Hayes, Esquire, and J. Freddy Perera, Esquire, to withdraw from representing the defendants. Doc. 33. The Court ordered (1) new counsel to appear or (2) new counsel to appear for the corporate defendants and the individual defendants to notify the Court they would be proceeding without counsel. The Court established a deadline of September 20, 2021.

The defendants failed to comply with that order. On October 5, 2021, the Court directed the defendants to show cause by October 15, 2021, why default should not be entered against them for failure to follow the Court's order or otherwise defend the case. Doc. 34. The Court explained that failure to follow the order would result in a recommendation of entry of default against them. They failed to respond to that order.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

"[C]ourts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). "This includes the power to fashion an appropriate sanction for conduct which abuses the judicial process." *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) (internal quotation marks and quoted authority omitted).

Here, the defendants have failed to defend the case, have failed to comply with orders, and have failed to show cause why default should not be entered against them. The undersigned thus **recommends** directing the Clerk of Court to enter default against them.[*]

**Entered** in Jacksonville, Florida, on October 19, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

[*] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

c:       Total Roofing of Florida, LLC
c/o David Van Hoeven (Registered Agent)
4431 Davie Road #110
Davie, FL 33314

Total Construction of Florida, Inc.
c/o David Van Hoeven (Registered Agent)
12555 Orange Drive
Davie, FL 33330

Pia Silva
6120 SW 51st Court
Davie, FL 33314

David Van Hoeven
6120 SW 51st Court
Davie, FL 33314